Curia, per

Wardlaw, J.
From admissions at the bar, it. appears that, in this case, the plaintiff had in his possession, and offered in evidence, a paper signed by the intestate, Ison, but not sealed, dated about the same time as the single bills, whereby Ison promised to pay to the plaintiff twelve dollars for his expenses, if the plaintiff should have to come for his money ; and, further, that on one of these single bills, a suit was brought by the plaintiff against a surety, and, at the same term when this case was tried, a verdict therein was rendered for the plaintiff, the same evidence having been given therein as was given in this case, except that the paper above mentioned was not offered, and that the defendant there attempted to shew the unsoundness of a horse, for which the single bill was given.
From the paper above mentioned, it has been said an inference arises thaMson had undertaken to send the money to the plaintiff ; and thence is argued the probability of payment consistent with the possession of the single bills by the plaintiff. Admitting that the defendant had undertaken to send, the fact of sending is not to be presumed upon less evidence than the more general fact of payment; and, as it was likely to involve the agency and knowledge of third persons, would probably have been susceptible of more easy proof than a direct payment from Ison to the plaintiff might have been. The unexplained possession of the papers by the plaintiff, without complaint or inquiry by Ison, contradicts the supposition of money having been sent *205 in any business-like mode, as much as it does the supposition of direct payment.
There are, then, contradictory verdicts upon what maybe considered the same evidence, and, for that reason, less weight than ordinary should be given to the verdict here. The law was correctly expounded to the jury. The artificial presumption of payment, in cases to which the statute of limitations does not apply, arises from the lapse of twenty years unrebutted: a shorter lapse of time is only a circumstance, which may, with others, create the belief of payment, but is of itself insufficient. The ability of Ison to pay, his death, the probability that, as a trader, the plaintiff would need money, and the inferences from the paper above mentioned, are the circumstances which, it is contended, so increase the force of sixteen years that lapsed without demand shewn, as to constitute just ground for belief that the money has been paid. These circumstances involve the absence of the plaintiff from the State, and give us no information as to his habits or motions. They are so easily reconcilable with the strong disproof of payment, which arises from the plaintiff’s possession of the single bills, that the effect which has been given to them suggests a suspicion that the jury did not really believe that the money had been paid ; but, from evidence not before them, thought it ought not to be paid.
The presumption raised from a definite time no more permits a jury to give to a shorter time a force beyond its natural efficacy in producing belief, than the bar under the statute of limitations permits a near approach to the statutory period to avail.
In the case of The Executors of Blake vs. The Executors of Quash, (3 McC. 340,) much relied on for the defendant, it will be seen, from a careful examination of the opinion, that thirty-eight years had intervened between the last payment by an executor, and the commencement of the suit; that the heir at law, who had made a payment fourteen years before the commencement, had not the means of knowing whether the bond had been paid, and had, ever afterwards, lived in the same street with the holder of the bond; that, according to a proper calculation of *206 interest, the payments rvhich had been made entirely discharged the bond; and that the assets of their testator had been distributed by the defendants more than twenty years before the suit was brought.
In the present case, as in the case of Executors of Wightman vs. Butler, (2 Spears, 357,) we must restrain the latitude of discretion, under which juries sometimes disregard the legal effect of contracts. He who affixes his seal to a promise to pay, must know that no time short of twenty years will of itself bar bis obligation, and insufficient circumstances must not be allowed to change the law, under pretence of their creating a belief of payment.
A new trial is ordered.
O’Neall, Evans, Frost and Withers, JJ. concurred.

Motion granted.